UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD C. MORRISON,

               Plaintiff,

            -against-

MTA NEW YORK CITY TRANSIT,

              Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
24-CV-5992 (OEM) (RML)

**ORELIA E. MERCHANT, United States District Judge:**

Plaintiff Richard C. Morrison commenced this *pro se* action on August 21, 2024. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff previously filed lawsuits alleging that he was wrongfully terminated from his employment as a Metropolitan Transportation Authority ("MTA") bus operator after an incident that occurred on May 12, 2018. *Morrison v. Reeves*, 22-CV-3591 (KAM), 2023 WL 3479683, at *3 (E.D.N.Y. May 16, 2023) (Title VII and ADEA claims dismissed for failure to state a claim, with leave to amend) (final judgment dismissing case entered 2/16/24) (appeal pending); *Morrison v. Jones*, 19-CV-7141 (KAM), 2020 WL 3960508, at *4 (E.D.N.Y. July 13, 2020) (Title VII claims dismissed for failure to state a claim), *aff'd*, 20-2733, 2021 WL 5829749 (2d Cir. Dec. 9, 2021).

In the instant action, Plaintiff asks this Court to subpoena an "unedited unencrypted video" from the May 12, 2018 incident that he had requested from the MTA via a Freedom of Information request. ECF 1 at 6.[1] He claims that a "manipulated video" had caused character and reputational damage and loss of income. *Id.* at 5. He states that he filed a request under the Freedom of

---

[1] The Court refers to the pages of the complaint and addendum by the page numbers assigned by the Electronic Case Filing system ("ECF").

Information Law, a New York statute, and that the MTA responded by providing "jpg files and other imagery that was . . . not a video." *Id.* at 7. Plaintiff purports to assert the jurisdiction of this Court pursuant to the federal Freedom of Information Act. *Id.* at 4.

## DISCUSSION

Courts are required to give special consideration to *pro se* litigants, those individuals who represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A federal statute, 28 U.S.C. § 1915(a)(1), allows some plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include more than only "labels and conclusions" or a list of the elements of a cause of action. *Twombly*, 550 U.S. at 555. A complaint fails to state a claim if it includes only bare assertions with no factual details. *Iqbal*, 556 U.S. at 678.

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require that the court dismiss the action if the court discovers that it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy, which is the claim for money damages, exceeds $75,000, 28 U.S.C. § 1332.

Plaintiff asserts the jurisdiction of this Court pursuant to the Freedom of Information Act. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, is a federal law which created a judicially enforceable public right of access to some information collected by federal agencies. It does not apply to states or state agencies. *See e.g. Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) (the FOIA applies only to federal agencies and not to state agencies). Accordingly, Plaintiff's claims under the FOIA are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

New York State has a Freedom of Information Law ("FOIL"), Public Officers Law § 84, *et seq.*, which allows individuals to request disclosure of some records collected by New York state agencies. Plaintiff states that he requested records from the MTA pursuant to FOIL. However, federal courts do not have independent jurisdiction to enforce state laws granting public access to official state records. *See Posr v. City of New York*, 10-CV-2551 (RPP), 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013) (also citing caselaw holding that "a plaintiff has no property interest in obtaining FOIL documents" (citations omitted)), *aff'd sub nom.*, *Posr v. Ueberbacher*, 569 F. App'x 32 (2d Cir. 2014). Plaintiff has not asserted diversity jurisdiction over this potential state law claim. Accordingly, any claims under New York's FOIL are dismissed without prejudice to filing in state court.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the foregoing reasons, Plaintiff's claims under the federal Freedom of Information Act are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and his claims under New York's FOIL are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to enter judgment and to mail copies of this Order and the Judgment to Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: October 9, 2024
Brooklyn, New York